# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

SAM CEASARIO,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:18-cv-00336-JAD-CWH

**REPORT AND RECOMMENDATION**

    This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Sam Ceasario's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 18), filed October 3, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 25), filed January 17, 2019. Plaintiff did not file a reply.

**I.    BACKGROUND**

    **1.    Procedural History**

    On August 28, 2012, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of May 9, 2006. AR[1] 348, 350-357. Plaintiff's claim was denied initially, and on reconsideration. AR 213-223, 224. A

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 14).)

hearing was held before an Administrative Law Judge ("ALJ") on May 17, 2017. AR 53-89.[1] On August 14, 2017, the ALJ issued a decision finding Plaintiff was not disabled. AR 22-52. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 2-7. Plaintiff, on February 22, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* ECF Nos. 1, 4.)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 26-27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of September 17, 2011. AR 27. At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: mild degenerative joint disease of the right knee, status post left clavicle fracture, depressive disorder not otherwise specified, degenerative changes to the lumbosacral spine, and morbid obesity as a secondary factor considered under SSR 02-1p. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 29. At step four, the ALJ found that the claimant has the residual functional capacity ("RFC") to perform lifting up to 20 pounds occasionally and 10 pounds frequently, except he would be further limited to: standing and walking up to 4 hours of an 8 hour day; sitting up to 6 hours of an 8 hour day; with no direct overhead reaching bilaterally; no climbing of ladders, ropes or scaffolds; frequent balancing; occasional stooping, kneeling, crouching, crawling and climbing stairs or ramps; and , occasional exposure to extremes of cold, vibration and hazards (i.e. heights and dangerous moving machinery). As a result of mental impairment, he would further be limited to: understanding, carrying out, and remembering simple instructions, using simple judgment, making simple work-related decisions, in a work setting with no more than occasional changes in

---

[1] A hearing was previously held on October 2, 2014 by a different ALJ, but the unfavorable decision was vacated, and the case remanded for an additional hearing. AR 25.

routine, to perform simple work tasks with no more than brief and superficial interactions with the public, and occasional interaction with co-workers and supervisors. AR 30.

The ALJ found that Plaintiff is unable to perform his past relevant work as a taxicab driver because it exceeds his RFC. AR 43. The claimant was born on March 7, 1968 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. *Id*. The claimant has a high school education and is able to communicate in English. *Id*. Transferability of job skills is not material to the determination of disability, because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills. *Id*. Considering the claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he is able to perform, according to the vocational expert. AR 44. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from the amended alleged onset date of September 17, 2011, through the date of the decision. AR 45.

## II.   DISCUSSION

### 1.   Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*. The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by

substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

The ALJ found that, after considering the evidence of record, claimant's medically determinable impairments may not reasonably be expected to produce the alleged symptoms, and consequently, his allegations concerning the intensity, persistence, and limiting effects of these symptoms are not reasonably consistent with the objective evidence and other evidence, in consideration of the record in its entirety. AR 30. Plaintiff moves to remand this matter because the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff argues that he testified regarding the nature and extent of his condition, and the ALJ provided insufficient reasons to reject his testimony, and instead set forth boilerplate language in making his credibility determination. The Commissioner responds that the ALJ set forth sufficient reasons to reject Plaintiff's testimony, including some without objection from the Plaintiff.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled."). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).

The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson*, 359 F.3d at 1196-97 (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

In making a credibility determination regarding pain, the ALJ may consider:

1. [t]he nature, location, onset, duration, frequency, radiation, and intensity of any pain; 2. [p]recipitating and aggravating factors (e.g., movement, activity, environmental conditions); 3. [t]ype, dosage, effectiveness, and adverse side effects of any pain medication; 4. [t]reatment, other than medication, for relief of pain; 5. [F]unctional restrictions; and 6. [t]he claimant's daily activities[,]

along with "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

Plaintiff first argues that it was improper for the ALJ to find that the testimony is not credible because it lacks support in the objective medical evidence. The ALJ may use objective evidence to assess the intensity and persistence of claimant's symptoms and how they may limit the ability to work. *See* 20 C.F.R. § 404.1529(c)(2)&(4); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999) (the ALJ properly discounted the claimant's subjective allegations by citing the conflict between his subjective complaints and the objective medical evidence). Here, the ALJ discussed medical evidence that did not corroborate the degree of pain and limitations Plaintiff alleged and revealed a level of functioning consistent with the RFC for light work. AR 30-43. *See* 20 C.F.R. § 404.1529(c)(2)&(4); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (affirming adverse credibility finding in part because the claimant's alleged symptoms were "disproportionate and not supported by the objective medical findings nor any other corroborating evidence"). The ALJ thoroughly explained that the treatment records failed to document the kind of objective findings to support the severity and extent of Plaintiff's subjective claims. AR 30-43. For example, the ALJ noted that throughout most of the record, aside from intermittent findings, such as tenderness and reduced range of motion, the objective examinations usually found normal muscle strength, sensory functions, and/or no focal neurological defect. AR 42. The ALJ also discussed that while Plaintiff's lumbar pathology progressed, there was no "clinical evidence of muscle wasting, sustained motor loss or muscular atrophy in the entire record to support any significant loss of functioning over time." AR 43.

The ALJ noted that the independent orthopedic consultant Dr. Cestowski's actual examination findings did not provide objective evidence supporting Plaintiff's extensive claims, and did not support increased functional limits or the extent of Plaintiff's claims. AR 36. State agency doctors who reviewed the record in 2013, Judith Vgoelsamg, D.O. and Judy Panek, M.D., both opined Plaintiff could perform a range of light work, including lifting and carrying up to 20 pounds occasionally. The ALJ gave significant weight to the State agency doctors' opinions and partial weight to Dr. Cestowski's opinion. AR 36-37, 41. Plaintiff fails to address these findings. Opinions of consultative examiners and State agency doctors constitute substantial evidence in support of an ALJ's residual functional capacity finding. *See Stubbs-Danielson,* 539 F.3d at

1174. Additionally, the ALJ noted that that not one doctor opined he had disabling functional limitations. AR 42-43. *See* 20 C.F.R. § 404.1529(c)(4); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (ALJ can reject subjective symptom allegations for being inconsistent with medical opinions). *See* 20 C.F.R. § 404.1529; *Maier v. Comm'r of Soc. Sec.*, 154 F.3d 913, 915 (9th Cir. 1998) ("The ALJ's explanation that [the claimant] was not credible was supported by the clear and convincing reason that [the claimant's] testimony contradicts most of the medical evaluations.").

Second, Plaintiff argued that the ALJ's consideration of his daily activities was not a valid reason to reject his testimony, and that nothing in Plaintiff's description of his limitations demonstrate that he is capable of maintaining substantial gainful work activity. The ALJ may consider Plaintiff's reported and demonstrated activities to determine whether his symptoms are as limiting as he alleges. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (the ALJ properly determined that the claimant demonstrated better capabilities than he reported to the agency; the claimant "exercised and undertook several projects after he retired, including gardening and community activities."). Here, the ALJ noted that Plaintiff engaged in various sword-fighting and fencing events, Renaissance fair reenactments, computer repair work, leatherwork for his mother's business, and driving to Disneyland three times a year to increase the leather business, which reasonably suggests that Plaintiff was not as limited as he claimed. AR 31, 39, 40, 42.

The ALJ discussed Plaintiff's activities of daily living which demonstrated a greater range of functioning than Plaintiff alleged. AR 31. *See* 20 C.F.R. § 404.1529; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility," including "the claimant's daily activities.").

Plaintiff testified that he was generally independent for dressing and eating, and engaged in a broad range of daily activities with little difficulty. The ALJ found that his activities of being able to shop, maintain adequate mathematical functioning to manage bank accounts, prepare simple meals, do some household chores, socialize with friends and family, and participate in hobbies such as sword fighting, reading, and playing Dungeons and Dragons, are not consistent with total disability. AR 31.

*See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("The ALJ also pointed out ways in which [claimant's] claim to have totally disabling pain was undermined by her own testimony about her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, attending therapy and various other meetings every week . . . ."). Plaintiff acknowledged he felt comfortable lifting and carrying about 20 pounds, consistent with the ALJ limiting him to the same. *See* AR 81. It was not improper for the ALJ to consider Plaintiff's daily activities in arriving at his credibility determination.

Third, Plaintiff argues that the ALJ referred to his only receiving routine care, which was not accurate. In response, the Commissioner acknowledges that in this case Plaintiff's various modalities of treatment, which include both narcotic medications and use of epidurals, were not conservative and routine, and the court agrees. *See Tunstell v. Astrue*, No. CV 11-9462-SP, 2012 WL 3765139, at *4 (C.D. Cal. Aug. 30, 2012) (rejecting the ALJ's adverse credibility finding on the basis that plaintiff received only conservative treatment because "she has used narcotic pain medication . . . ."). Use of epidurals are not a conservative course of treatment. *See Hydat Yang v. Colvin*, No. CV 14-2138-PLA, 2015 WL 248056, at *6 (C.D. Cal. Jan. 20, 2015) ("This Court has previously found that spinal epidural injections are *not* 'conservative' treatment." (emphasis added)). Based upon the Commissioner's concession, the ALJ erred when he justified his credibility decision based upon Plaintiff receiving only routine care.

The Commissioner argues that the ALJ provided other reasons, which Plaintiff does not contest, to support his credibility decision. The ALJ properly discounted Plaintiff's subjective allegations by noting his pain decreased with treatment. AR 32-33. *See* 20 C.F.R. § 404.1529(c)(3). Generally, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm' r of Soc. Sec.,* 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ extensively described Plaintiff's positive response to lumbar steroid injections, pain medication, and his doctor's decision to continue his medication regime, indicating Plaintiff found his treatment reduced his pain. AR 32-33, 34-35.

The Commissioner also argues that the ALJ reasonably cited Plaintiff's ability to work during the time he claimed he was disabled suggested Plaintiff was not as functionally limited as he

alleged. AR 42. *See* 20 C.F.R. § 404.1529(a) (in assessing symptom supportability, the agency considers the claimant's "ability to work"); *Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006) (claimant's symptoms not supported where he told the Veterans Administration that he did carpentry work "under the table" well after his date last insured). Despite testifying that he last worked in 2006 driving a cab, in 2013, Plaintiff told Dr. Doncaster that he was currently fixing computers as a form of self-employment.

Additionally, the Commissioner argues that it is reasonable to infer that the ALJ believed that Plaintiff's lack of candor undermined his claim of disabling symptoms. The court agrees -- the ALJ discussed in detail that the psychological examiner, Dr. Doncaster, found that Plaintiff displayed an inconsistent effort upon examination, inconsistencies between his reports and test results, and ultimately found Plaintiff presented as less able than he actually is. AR 37-40.

Accordingly, the ALJ restricted Plaintiff to a range of light work in recognition that his impairments caused some functional limitations, and provided clear and convincing reasons for rejecting the claimant's testimony that he was disabled. AR 30; *Valentine*, 574 F.3d at 693. The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference. *See Parra*, 481 F.3d at 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

### IV.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 18) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 25) be GRANTED.

### V.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 30, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE